**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

PRISCILLA DAY, )
)
        Plaintiff, )
)
v. ) No. 1:09-cv-250-LJM-TAB
)
ALLISON TRANSMISSION, INC., )
)
        Defendant. )

**Entry Granting Motion for Summary Judgment
and Directing Final Judgment**

For the reasons explained in this Entry, the unopposed motion for summary judgment (dkt 24) filed by defendant Allison Transmission, Inc. ("Allison") must be **granted.**

**Legal Standards**

Summary judgment is proper where the record after discovery "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). To survive summary judgment, the nonmovant must set forth "specific facts showing a genuine issue for trial." *Fed.R.Civ.P.* 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Plaintiff Priscilla Day ("Day") asserts claims of hostile work environment and discrimination on account of her race in violation of Title VII and 42 U.S.C. § 1981 and on account of her sex in violation of Title VII.

Title VII of the Civil Rights Act of 1964, as amended, prohibits "employers" from discriminating against individuals on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A claim under § 1981 includes the same elements and employs the same analysis and methods of proof as a Title VII race claim. *Johnson v. City of Fort Wayne,* 91 F.3d 922, 940 (7th Cir. 1996).

To successfully oppose Allison's motion for summary judgment, Day must either produce direct evidence of discrimination or harassment or survive the burden-shifting test established in *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973). *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). In this case, however, Day has not opposed the motion for summary judgment.

## Undisputed Facts

As a result of Day's failure to oppose the motion for summary judgment and the operation of Local Rule 56.1, the court resolves the motion for summary judgment on the basis of the evidence submitted by the defendant. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104, 1108-09 (7th Cir. 2004). The facts, for this purpose, therefore, are the following:

Day is a Caucasian female. She began her employment with Allison on December 4, 2006, and continued to be employed by Allison at least through the day Allison filed its motion for summary judgment. Day worked for an African-American male supervisor named Stephen Baynes ("Baynes") for three months in 2008, after which time Day transferred to another department. During this time, Baynes on occasion raised his voice at Day, questioned her work, and intimidated her. Baynes never touched her or directed to her any comments of a sexual or racial nature. Day believed that Baynes did not offer her overtime on an occasion when he offered overtime to all of the other employees in her group. Day believed that Baynes treated everyone in the department better than he treated her, including other Caucasian females. Day admitted that her confrontational approach with Baynes and other supervisors "rubbed them the wrong way." In fact, Day testified in her deposition that she believed the real reason Baynes had a problem with her is because she is blonde, unlike the other male and female employees in her department.

While she worked in Baynes' department, Day filed a series of grievances against him under the procedure contained in Allison's collective bargaining agreement with the UAW and its Local 933 ("Union"). None of the grievances raised race or sex discrimination claims, and all of the grievances were later withdrawn by the Union when it found no merit to the claims. Day has never been terminated, suspended or demoted by Allison. During the period in question when she worked for Baynes, Day never received any disciplinary action and she actually worked more overtime hours and received more overtime pay than anyone else in her overtime equalization group.

## Analysis

Under *McDonnell Douglas*, Day must make a *prima facie* case of racial or sex discrimination by showing that she (1) belongs to a protected class; (2) performed her job according to her employer's legitimate performance expectations; (3) suffered an adverse employment action; and (4) was treated less favorably compared to similarly situated employees outside of the protected class. *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 364-65 (7th Cir. 2009). If Day establishes a *prima facie* case, then the burden shifts to Allison to set forth a legitimate, nondiscriminatory reason for its employment decisions.

*Id.* If Allison makes such a showing, the burden shifts back to Day to explain why Allison's proffered justification was merely a pretext for discrimination. *Id.* at 365 (citing *Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 859-60 (7th Cir.2008)).

To show that she suffered an adverse employment action, the third prong of her *prima facie* case, Day must prove that the "terms, conditions, or privileges of employment were affected." *Haugerud v. Amery School Dist.*, 259 F.3d 678, 691 (7th Cir. 2001). "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Id.* (internal quotation omitted). "A plaintiff's subjective determination of tension in the workplace, without more, cannot constitute an adverse employment action absent a tangible job consequence." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010). "[U]nfair reprimands or negative performance evaluations, unaccompanied by some *tangible* job consequence, do not constitute adverse employment actions." *Id.* (internal quotation omitted). Day was not terminated, suspended or demoted, nor was she even disciplined. She received more overtime pay than anyone else in her group. The undisputed facts demonstrate that Day suffered no adverse employment action.

In addition, Day has identified no similarly situated employee outside of her protected class who was treated more favorably than Day. Because Day has not presented evidence sufficient to satisfy two elements of her *prima facie* case, the court need not proceed through the additional steps of the *McDonnell Douglas* analysis. Under these circumstances, no reasonable jury could find that Allison discriminated against Day on the basis of race or sex. Accordingly, Allison is entitled to summary judgment on Day's claims of discrimination pursuant to Title VII and § 1981.

To survive summary judgment on her hostile workplace claims, Day must show that (1) she was subject to unwelcome harassment; (2) the harassment was based on her race and/or sex; (3) the harassment was severe or pervasive so as to alter the conditions of her work environment by creating a hostile or abusive situation; and (4) there is a basis for employer liability. *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009) (gender); *Porter v. Erie Foods Intern., Inc.*, 576 F.3d 629, 634 (7th Cir. 2009) (race). Whether an employer may be liable hinges on whether the harasser was the plaintiff's supervisor or a co-worker. *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 477 (7th Cir. 2004). In a case such as this where the alleged harassment was perpetrated by a supervisor, the employer is subject to strict liability subject only to an affirmative defense that the plaintiff suffered no tangible employment action. *Id.*

Focusing on the second prong of her *prima facie* case, Day has not shown that any harassment by Baynes was based on her race or gender. None of Baynes' remarks were of a sexual or racial nature. Even if she had presented evidence that there was harassment based on race or sex, to establish the third prong of her *prima facie* case, that such harassment was "severe or pervasive," Day must show that "the work environment was both subjectively and objectively offensive." *Smith v. Northeastern Illinois University*, 388 F.3d 559, 566 (7th Cir. 2004). Factors considered in determining whether an environment is objectively offensive include "the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and

whether it unreasonably interferes with an employee's work performance." *Scruggs,* 587 F.3d at 840. "Offhand comments, isolated incidents, and simple teasing do not rise to the level of conduct that alters the terms and conditions of employment." *Id.* at 840-41. Baynes supervised Day for only three months. There is no evidence that Baynes' behavior was physically threatening or rose to the severity and frequency required to be objectively offensive. Day has failed to establish the second and third prongs of a *prima facie* case for her hostile environment claims. Absent such evidence, the court need not discuss the fourth element, employer liability.

"Without a *prima facie* case, the plaintiff cannot withstand summary judgment." *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993). The Supreme Court has explained that "the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Through the process described above, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998).

## Conclusion

The unopposed motion for summary judgment filed by Allison (dkt 24) is **granted** because the undisputed evidentiary record and the undisputed facts established through such motion establish that Allison is entitled to judgment as a matter of law.

Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff, Day.

**IT IS SO ORDERED.**

Date: 11/04/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana